UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


THOMAS ELWYN HOYT,

    Petitioner,

v.                                       Case No. 2:14-cv-061
                                                 HON. GORDON J. QUIST

JEFFREY WOODS,

    Respondent.
_____/


**REPORT AND RECOMMENDATION**

Petitioner Thomas Elwyn Hoyt filed this petition for writ of habeas corpus, challenging his jury conviction for felonious assault in violation of MCL § 750.82. Petitioner was sentenced as a fourth-offense habitual offender, MCL § 769.12, to 5 to 15 years imprisonment. The respondent has filed an answer and has complied with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. The parties have briefed the issues and the matter is now ready for decision.

    Petitioner alleges that:

    I. Petitioner is entitled to dismissal of the charges or a new trial because the prosecutor's failure to disclose a 911 recording violated the Petitioner's right to due process.

    II. Petitioner was denied his constitutional right to the effective assistance of counsel, as his trial counsel failed to investigate and present the recording of the 911 original tape.

    III. Petitioner is entitled to re-sentencing because OV 7 was improperly scored.

    In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA,

this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). The Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or

incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at 410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

Petitioner argues that he is entitled to a dismissal of the charges or a new trial because the prosecution failed to disclose a 911 tape recording of an anonymous call identifying someone other than Petitioner as the victim's assailant. Petitioner argues that his failure to access the 911 recording violated the Supreme Court's holding in *Brady*, 373 U.S. 83 (1963), and *United States v. Bagley,* 473 U.S. 667, 675 (1985). Under *Brady*, "suppression by the prosecution of evidence favorable to an accused . . . violates due process where the evidence is material, either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. The Supreme Court has held that "[t]here are three components of a true *Brady* violation: [t]he

- 3 -

evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued." *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). Prejudice (and materiality) is established by showing that "there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Id.* at 281 (quoting *Bagley*, 473 U.S. at 682); *see also Cone v. Bell*, 556 U.S. 449, 469-70 (2009). A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682.

The Michigan Court of appeals held that Petitioner did not meet the requirements of a *Brady* violation, explaining:

> We review a trial court's decision to grant or deny a new trial for an abuse of discretion. People v *Terrell*, 289 Mich App 553, 558-59; 797 NW2d 684 (2010). A trial court commits an abuse of discretion when its decision is outside the range of principled outcomes. *Id.* We review defendant's due process claim de novo. *People v Schumacher*, 276 Mich App 165, 176; 740 NW2d 534 (2007).
>
> A criminal defendant has a due process right to obtain evidence possessed by the prosecutor if the evidence is favorable to the accused and material to guilt or punishment. *People v. Stanaway*, 446 Mich 643, 666; 521 NW2d 557 (1994); *Brady v. Maryland*, 373 US 83, 87; 83 S Ct 1194; 10 L Ed 2d 215 (1963). Evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Youngblood v. West Virginia*, 547 US 867, 869-970; 126 S Ct 2188; 165 L Ed 2D 269 (2006) (quotation marks and citation omitted). See also *Stanaway*, 446 Mich at 666 ("Material has been interpreted to mean exculpatory evidence that would raise a reasonable doubt about the defendant's guilt."). The prosecutor's duty to disclose such evidence arises regardless of whether the defendant makes a request. *Id.* The duty to disclose extends to impeachment evidence as well as exculpatory evidence, and applies to evidence that is known only to police investigators and not to the prosecutor. *Youngblood*, 547 US at 869-870. In order to establish a *Brady* violation, a defendant must demonstrate that (1) the state

> possessed favorable evidence, (2) the evidence was suppressed by the state, and (3) "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* At 870.
>
> Initially, we note that on appeal the prosecutor does not challenge the trial court's finding that the 911 recording was exculpatory. Further, it is not disputed that police investigators or the prosecutor had knowledge of the 911 recording. Thus, the determinative issue is whether the evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict.
>
> In this case, the victim, who is defendant's father, and the victim's neighbor, who is defendant's ex-girlfriend and who has a continuing friendship with defendant, unequivocally identified defendant as the assailant. Moreover, defendant admitted he was visiting his father the day of the incident, and he admitted that they argued over bicycle tires. In light of the strong evidence identifying defendant as the assailant, it is unlikely that an anonymous 911 call suggesting that the assailant was an African American man would have affected the outcome of the proceedings. Therefore, we conclude that defendant has failed to demonstrate any violation of his right to due process because the allegedly suppressed evidence could not "reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Id.* Thus, defendant has not demonstrated a *Brady* violation.

PageID.466-467.

In the opinion of the undersigned, the Michigan Court of Appeals decision comports with Constitutional standards. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also argues that his constitutional right to effective counsel was violated when his defense counsel failed to secure the 911 recording. To prevail on an ineffective assistance

- 5 -

of counsel claim, a convicted defendant must demonstrate (1) that counsel's errors were so serious that counsel was not functioning as counsel guaranteed by the Sixth Amendment, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 688-96 (1984). Stated another way, this court is to decide whether petitioner's trial counsel's alleged failures were such egregious errors as to constitute ineffectiveness and whether the alleged failures were materially prejudicial. The Sixth Circuit has explained:

> The question for reviewing courts is whether counsel's errors have likely undermined the reliability of, and confidence in, the result. *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-43 (1993). "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *Strickland*, 466 U.S. at 691, *quoted in Smith v. Jago*, 888 F.2d 399, 404-05 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). In evaluating petitioner's claim, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc), cert. denied*, 113 S. Ct. 2969 (1993). Thus, the determinative issue is not whether petitioner's counsel was ineffective but whether he was so thoroughly ineffective that defeat was "snatched from the jaws of victory." *See id.*

*West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996).

The Michigan Court of Appeals held that defense counsel's failure to obtain the 911 recording before trial did not constitute ineffective assistance of counsel, explaining:

> Whether defense counsel was ineffective presents a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). We review questions of constitutional law de novo and the trial court's findings of fact for clear error. *Id.* In order to prevail on an ineffective assistance of counsel claim, the burden is on the defendant to demonstrate that defense counsel's performance fell below an objective standard of reasonableness, and that the

- 6 -

> deficiency so prejudiced defendant as to deprive him of a fair trial. *People v Pickens*, 446 Mich 298, 302-303, 311-312; 521 NW2d 797 (1994). To demonstrate prejudice, defendant must show a "reasonable probability that, but for counsel's error, the result of the proceeding would have been different." *Strickland v Washington*, 466 US 668, 694; 104 S Ct 2052; 80 L Ed 2d 674 (1984).
>
> Defendant's ineffective assistance of counsel claim fails for the same reasons as his *Brady* claim. Defendant has failed to demonstrate that there is a reasonable probability that the outcome of the trial would have been different had defense counsel discovered the 911 recording before trial in light of the overwhelming evidence identifying defendant as the perpetrator. Thus, we conclude that defendant has failed to demonstrate the prejudice required to prevail on a claim of ineffective assistance of counsel. *Id.*

PageID.467.

Petitioner has failed to show that he received ineffective assistance of counsel. In the opinion of the undersigned, the Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner also claims that he is entitled to re-sentencing because OV 7 was improperly scored. Federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982). Under Michigan's felonious assault statute, MCL § 750.82, a defendant may be sentenced to a maximum term of four years. MCL § 769.12(b) enhanced Petitioner's maximum term of imprisonment to fifteen years. Thus, Petitioner's maximum sentence of fifteen years did not exceed the prescribed statutory maximum for the offense.

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cheatham v. Hosey*, No. 93-1319, 1993 WL 478854, at *2 (6th Cir. Nov. 19, 1993) (departure from sentencing guidelines is an issue of state law, and, thus, not cognizable in federal habeas review); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged violation of state law "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Koras v. Robinson,* 123 F. App'x 207, 213 (6th Cir. Feb. 15, 2005) (citing *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003)). *See also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material

"misinformation of constitutional magnitude." *Koras,* 123 F. App'x at 213 (quoting *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). *Koras,* 123 F. App'x at 213 (quoting *United States v. Stevens,* 851 F.2d 140, 143 (6th Cir. 1988)). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 444, 447.

Petitioner's sentence clearly is not so disproportionate to the crime as to be arbitrary or shocking. *Doyle*, 347 F. Supp. 2d at 485. Further, Petitioner does not even argue that the facts found by the court at sentencing were either materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner argues only that the court's sentencing findings were not sufficiently supported. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. The state-court's rejection of Petitioner's claim was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

The Michigan Court of Appeals held that the trial court did not err in assessing 50 points for OV 7, MCL 777.37 (aggravated physical abuse), explaining:

> We review a trial court's scoring decision to determine "whether the trial court properly exercised its discretion and whether the record evidence adequately supports a particular score." *People v Lechleitner*, 291 Mich App 56, 62; 804 NW2d 345 (2010) (quotation marks and citation omitted). We will uphold a trial court's scoring

decision, if it is supported by "any evidence." *People v Steele*, 283 Mich App 472, 490; 769 NW2d 256 (2009). Under OV 7, 50 points may be assessed for "sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered...." MCL 777.37(1)(a). Sadism is defined as "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification."

> MCL 777.37(3). Defendant objected to the score of 50 points under OV 7 during sentencing, and the prosecution contended that 50 points should be scored because defendant's conduct subjected the victim to "prolonged pain or humiliation" and was "intended to inflict suffering or for the offender's gratification." The trial court agreed that a score of 50 points was appropriate, stating that the assault was a "fairly significant encounter that lasted a fairly significant amount of time" and resulted in physical violence that "was far beyond a single spontaneous assaultive act."

This Court recently held that OV 7 should be scored "in particularly egregious cases involving torture, brutality, or similar conduct designed to *substantially* increase the victim's fear", and not "in every case in which some fear-producing action beyond the bare minimum necessary to commit the crime was undertaken." *People v Glenn*, 295 Mich App 529, 536; 814 NW2d 686 (2012) (emphasis in original). Because all crimes against a person involve the infliction of a certain amount of fear and anxiety, "OV 7 is designed to respond to particularly heinous instances in which the criminal acted to increase that fear by a substantial or considerable amount." *Id.*

In this case, evidence presented at trial established that defendant struck the victim with a crescent wrench several times in the front and back of his head. Then, once he fell to the ground, defendant repeatedly struck him in the head and kicked him in the legs and back. Defendant could have committed felonious assault with just a single blow of the crescent wrench. By striking several times, and continuing to beat the victim once he fell to the floor, defendant substantially increased the violence necessary to commit the sentencing offense. The trial court found that defendant's conduct

- 10 -

> "lasted a fairly significant amount of time," and consisted of violence "far beyond a single spontaneous assaultive act." We acknowledge that this is a close question; however, because the evidence supports this finding, we cannot conclude that the score was an abuse of discretion.

PageID.467-468.

In the opinion of the undersigned, Petitioner has failed to show that his constitutional rights were violated during his sentencing proceeding. The Michigan Court of Appeals' decision did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or result in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: May 31, 2016  /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE